IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| 4201 MAIN STREET, L.P. | BANKRUPTCY NO. 11-10002 |
| Debtor | |
| In re: | CHAPTER 11 |
| ED'S RESTAURANT, INC.<br>d/b/a THOMAS' RESTAURANT & BAR | BANKRUPTCY NO. 11-10003 |
| Debtor | |

### MOTION FOR ENTRY OF AN ORDER DIRECTING THE JOINT ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES PURSUANT TO FED.R.BANKR.P. 1015(b) AND GRANTING OTHER RELATED RELIEF

4201 Main Street, L.P. (the "Main Street Debtor") and Ed's Restaurant, Inc. d/b/a Thomas' Restaurant & Bar (the "Restaurant Debtor") (at times, the Main Street Debtor and the Restaurant Debtor are collectively referred to herein as the "Debtors"), by and through their proposed counsel, Maschmeyer Karalis, P.C., hereby seek entry of an Order directing the joint administration of the Debtors' Chapter 11 cases pursuant to Fed.R.Bankr.P. 1015(b) and granting other related relief, and in support thereof, respectfully represent:

### INTRODUCTION AND JURISDICTION

1. This Motion seeks the entry of an Order directing the joint administration of the Debtors' Chapter 11 cases pursuant to Fed.R.Bankr.P. 1015(b).

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

4.  On January 1, 2011 (the "Filing Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the Bankruptcy Code.

5.  Since the Filing Date, the Debtors have remained in possession of their assets and continue in the management of their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6.  The Main Street Debtor owns the commercial real property located at 4201 Main Street, Philadelphia, PA 19127 (the "Property") in Manayunk.

7.  The Restaurant Debtor owns a restaurant which leases the Property and does business as Thomas' Restaurant & Bar.

## RELIEF REQUESTED AND BASIS THEREFOR

8.  The Debtors respectfully request entry of an Order directing that their Chapter 11 cases be jointly administered pursuant to Fed.R.Bankr.P. 1015(b). As set forth herein, each of the Debtors is an "affiliate" within the meaning of 11 U.S.C. § 101(2)(B). Moreover, as detailed below, joint administration will result in a more economical and efficient administration of these Chapter 11 cases than would be achieved if each of the Debtors' Chapter 11 proceedings were administered separately.

9.  Rule 1015 of the Federal Rules of Bankruptcy Procedure governs the joint administration of Chapter 11 cases. That rule provides in pertinent part:

> (b) Cases Involving Two or More Related Debtors. If a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration

> to protecting creditors of different estates against potential conflicts of interest.

See, Fed.R.Bankr.P. 1015(b).

10.  The Advisory Committee Note to Rule 1015 recognizes that the joint administration of bankruptcy cases can promote expedience and cost-efficiency by "using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters[.]"  See, Advisory Committee Note to Fed.R.Bankr.P. 1015(b).

11.  Joint administration is particularly appropriate when an affiliated group of corporations files for bankruptcy relief.  See, 9 Collier on Bankruptcy, 1015.03, p. 1015-6 (15th ed. Rev. 1999).  Where closely related corporations file for relief under Chapter 11, "the success of one affiliate's reorganization effort may depend largely on the success of the other affiliate's efforts."  Id.

12.  The term "affiliate" is defined broadly in the Bankruptcy Code.  Section 101(2) of the Bankruptcy Code defines an affiliate as:

> (D)  .... [an] entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement . . .

See, 11 U.S.C. § 101(2).

13.  That broad definition of affiliate is designed "to help the Bankruptcy Court to administer economically and efficiently different estates with substantial interests in common." In re A&S Transp. Co., Inc., 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982) (quoting In re Brookhollow Assocs., 435 F.Supp. 763, 766 (D. Mass. 1977), aff'd, 575 F.2d 1003 (1st Cir. 1978)).

14. In the case at hand, the Restaurant Debtor leases all of the real property owned by the Main Street Debtor. Therefore, the Debtors are "affiliates" under §101(2)(D) of the Bankruptcy Code and their bankruptcy cases are appropriate for joint administration under Rule 1015(b).

15. The Debtors believe joint administration of their Chapter 11 cases will allow the cases to be administered more efficiently, expeditiously and economically, and will not prejudice any creditors of the Debtors' individual estates. Accordingly, the Debtors respectfully submit that joint administration of the within Chapter 11 cases, pursuant to Federal Rule of Bankruptcy Procedure 1015, is necessary and appropriate.

**WHEREFORE,** the Debtors respectfully request that this Court enter the accompanying Order directing that their Chapter 11 cases be jointly administered and for such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**MASCHMEYER KARALIS P.C.**

By: /s/ Robert W. Seitzer
    Robert W. Seitzer, Esquire
    1900 Spruce Street
    Philadelphia, PA 19103
    (215) 546-4500
    Proposed Attorneys for the Debtors

Dated: January 1, 2011